**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| HEIGHTS TOWER SERVICE, INC., and MARK MOTTER | ) ) ) | |
| Defendants. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff JASON PIETRZYCKI ("Pietrzycki") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Complaint against Defendants HEIGHTS TOWER SERVICE, INC., a Corporation ("Heights Tower") and MARK MOTTER, an Individual ("Motter") (collectively, "Defendants,") states as follows:

### NATURE OF CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their lawfully earned and living wages.  Plaintiff bring his claim as a collective action pursuant to 29 U.S.C. § 216(b).

### THE PARTIES

2.      Plaintiff Pietrzycki resides in and is domiciled in this judicial district.

3.     Defendant Heights Tower is an Illinois Corporation located at 7842 State Route 71, Yorkville IL, 60560, within this judicial district.

4.     At all material times hereto, Defendant Heights Tower was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d) and the IWPCA, 820 ILCS § 115/2.

5.     Defendant Motter is the owner, President, and registered agent of Defendant Heights Tower and is involved in Heights Tower's day-to-day business operations. Among other things, Defendant Motter has the authority to hire and fire employees, to direct and supervise the work of employees, and to distribute paychecks to employees.

6.     Defendant Motter is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IWPCA, 820 ILCS § 115/2.

7.     At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of IWPCA, 820 ILCS § 115/1 *et seq*.

## JURISDICTION AND VENUE

8.     Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IWPCA claims pursuant to 28 U.S.C. § 1367.

9.     At all times pertinent to this Complaint, Defendant Heights Tower was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. 203(r) and 203(s).

10.     The annual gross sales volume of Heights Tower was in excess of $500,000.00 per year.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendant is located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

## ALLEGATIONS OF FACT

12.     Heights Tower is in the business of servicing towers--such as cellular towers and silos.     As such, its employees travel to the locations where its clients' towers are located and perform functions such as tower upgrades, maintenance, and installation of equipment.

13.     Upon information and belief, Heights Tower has approximately 100 employees who are responsible for servicing towers.

14.     The non-compliant practices as alleged herein were part of a practice and policy common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

15.     During the course of Plaintiff's employment, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did customarily work in excess of forty (40) hours in individual work weeks. Plaintiff was not compensated one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

16.     Other non-exempt similarly situated employees, likewise, were directed to work in excess of forty (40) hours in individual work weeks by Defendants and did work in excess of forty (40) hours in individual work weeks but were not paid one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

17.     The specific practice complained of here relates to Defendants' failure to pay overtime to Plaintiff and other similarly situated employees for those hours constituting "Drive Time", as discussed in greater detailed below.   Defendants in fact would pay Plaintiffs overtime compensation but would exclude the time spent during "Drive Time" in computing overtime hours.

18.     Heights Tower typically serviced towers that were located in other states. Plaintiffs would arrive before driving out of state, at Height Tower's office/warehouse (herein, referred to as "Point A") early in the morning and begin their day.

19.     The work done at Point A was substantial and the Plaintiffs were compensated for it.  Typical work at Point A involved cleaning trucks, figuring out what materials were needed for the upcoming work, transferring parts, and selecting inventory.

20.     Once the Plaintiffs would leave Point A, they would drive to their next location of the day which was typically a location in another state (often Racine, Wisconsin or Milwaukee, Wisconsin) where a warehouse was located.  (herein, referred to as "Point B")  At Point B, the Plaintiffs would typically pick up more parts that were needed for their tower jobs.

21.     From Point B, the employees would then drive to the location where the towers were located (herein, referred to as "Point C").

22.     The time spent driving between "Point A", "Point B", and "Point C" was referred to as "Drive Time".   Drive time earned a reduced compensation than the regular wages earned by the Plaintiffs.  For example, Plaintiff Pietrzycki earned $23.00 for regular hours but only $10.00 per hour for Drive Time.

23.     In computing whether overtime hours were owed, the Defendants would not count Drive Time hours.  For example, Plaintiff Pietrzycki's paystub for the week of May 17, 2014

shows that he worked 39.50 hours of regular time and 6.5 hours of Drive Time.   He was not paid any overtime for this week.

24.    At all times relevant, Defendants maintained an employee handbook that was distributed to all employees upon being hired. Page 12 of this Handbook sets forth that which Plaintiff and other similarly situated employee were supposed to receive regarding overtime wages. Specifically, the Handbook states: "Non-exempt employees who perform overtime work will be paid one-and-one-half times (1.5x) their regular rate of pay for every hour worked over forty (40) hours in a seven (7) day workweek."

## COLLECTIVE ALLEGATIONS

25.    Plaintiff seek to prosecute his FLSA claim as a collective on behalf of employees who worked for Defendants and performed maintenance on towers as employees within the past three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for all such time.

26.    Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked.

27.    In the course of employment with Defendant, Plaintiff and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

28.    There are estimated to be over 100 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court

authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

29.     The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

30.     Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with members of their respective collective.

**COUNT I**
**Violation of the Fair Labor Standards Act—Overtime Wages**
**(Plaintiff Individually And On Behalf of all Similarly Situated Employees—Against Defendants Heights Tower And Motter)**

31.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201 et seq., for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

33.     During the course of their employment by Defendants, Plaintiffs conducted repair and maintenance work on towers and were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

34.     Pursuant to 29 U.S.C § 207, for all time which Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

35.     Defendants did not compensate Plaintiff at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

36.     The non-compliant practices as alleged herein were part of a practice and policy common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

37.     During the course of Plaintiff's employment, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did customarily work in excess of forty (40) hours in individual work weeks. Plaintiff was not compensated one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

38.     Other non-exempt similarly situated employees, likewise, were directed to work in excess of forty (40) hours in individual work weeks by Defendants and did work in excess of forty (40) hours in individual work weeks but were not paid one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

39.     Specifically, Plaintiff and other similarly situated employees were not paid overtime for Drive Time, the time spent driving between the predetermined start point ("Point A"), the mid-location to obtained materials ("Point B"), and their final destination—the tower ("Point C").

40.     Defendants' failure to pay Plaintiff and other similarly situated employees sufficient, true, and correct overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA, 29 U.S.C. § 207.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated employees whom the Plaintiff seeks to represent in this action, request the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.     Certification of this action as a collective action brought pursuant to 29 U.S.C § 216(b);

c.     Designation of Plaintiff as representative of the FLSA Collective Action;

d.     That Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Defendant employees who performed tower maintenance work during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

e.     That the Court find the Defendants' violations of the FLSA were willful;

f.     That the Court award the Plaintiff and all similarly situated employees, overtime compensation for previous hours worked in excess of forty (40), for any given week during the past three (3) years in amounts to be determined at trial, and liquidated damages of an equal amount to the unpaid overtime compensation;

g,     Costs of action incurred herein, including expert fees;

h.     Attorneys fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

i.      Pre-judgment and post-judgment interest as provided by law; and

j.      Any other legal and equitable relief as this Court may deem appropriate.

**COUNT II**
**Violation of the Illinois Wage Payment And Collection Act**
**(Plaintiff Individually And On Behalf Of All Similarly Situated Employees—Against**
**Defendants Height Towers And Motter)**

41.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.    The IWPCA, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS § 115/2.

43.    At all times relevant there existed an agreement between Plaintiff and other similarly situated employees with defendants that Defendants would comply in all respects with pertinent state and federal wage and hour laws and that they would be paid overtime in accordance with the Defendants' company handbook. Defendants breached that agreement in that Defendants' compensation policies violate wage and hour provisions of both state and federal law and the company's employee handbook.

44.    At all times relevant, Defendants maintained an employee handbook that was distributed to all employees upon being hired. Page 12 of this Handbook sets forth that which Plaintiff and other similarly situated employee were supposed to receive regarding Overtime wages. Specifically, the Handbook states: "Non-exempt employees who perform overtime work

will be paid one-and-one-half times (1.5x) their regular rate of pay for every hour worked over forty (40) hours in a seven (7) day workweek."

45.     The IWPCA, Section 4 provides that every employer shall pay "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS § 115/4.

46.     The IWPCA, Section 5 provides that "[E]very employer shall pay the final compensation of separated employees in fully, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS § 115/5.

47.     Defendants have failed and continue to fail to pay overtime compensation due to Plaintiff and other similarly situated employees.

48.     Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned wages to Plaintiffs and other similarly situated employees, constitutes a violation of the IWPCA.

WHEREFORE, Plaintiffs respectfully request a judgment be entered against Defendants as follows:

A.     Declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the IWPCA, 820 ILCS § 115/1 *et seq.*;

B.     Awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other similarly situated employees are entitled;

C.     Allowing this Court to retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in fully compliance with the law;

D.     Directing Defendants to pay Plaintiff reasonable attorneys' fees, costs, interest, litigation expenses and;

E.     Such other and further relief as this Court deems appropriate and just.

Dated: August 25, 2014                            Respectfully Submitted,

By: _____

One of Plaintiffs Attorneys

**DEMAND FOR JURY TRIAL**

David Fish
Monica Fazekas
The Fish Law Firm, P.C.
55 S. Main Street, Suite 341
Naperville, IL 60540
630.355.7590