# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON PIETRZYCKI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 14 C 6546 |
| v. ) | |
| ) | Jeffrey T. Gilbert |
| HEIGHTS TOWER SERVICE, INC., et al., ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jason Pietrzycki's ("Plaintiff's") motion to strike the affirmative defenses of Defendants Heights Tower Service, Inc. and Mark Motter ("Defendants"). Pl.'s Mot. to Strike, ECF No. 21. Plaintiff's motion is granted in part and denied in part. The following defenses are stricken: 1 (failure to state a claim upon which relief can be granted); 2 (collective action treatment); 4 (laches and estoppel); 5 (statute of limitations); 8 (*de minimis* doctrine); 9 (Portal-to-Portal Act); and 12 (right to amend). The following defenses are not stricken: 3 (prior recovery); 6 (good faith); 7 (willfulness, knowledge, or reckless disregard); 10 (mitigation); and 11 (offset). Defendants are granted leave to amend their Answer (ECF No. 17) consistent with this Order by March 4, 2015.

## BACKGROUND

Plaintiff alleges that Defendants violated the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, by failing to pay him and other similarly situated employees one and one-half times their regular hourly rate of pay for all time worked in excess of forty hours per workweek. Specifically, Plaintiff alleges that Defendants excluded hours constituting "Drive Time" in

computing Plaintiff's and other similarly situated employees' overtime compensation. Plaintiff has filed a Motion for Class Certification for the IWPCA claim (ECF No. 20) and is scheduled to file a Motion for Collective Action Certification for the FLSA claim by May 8, 2015 (ECF No. 22).

Defendants have asserted twelve affirmative defenses. Answer and Affirmative Defenses, ECF No. 17. Plaintiff argues that all of Defendants' affirmative defenses must be stricken because they do not identify any supporting facts and because they do not negate Plaintiff's claims. Pl.'s Mot. to Strike 4, ECF No. 21. Defendants argue that the motion should be denied because they have sufficiently pled their affirmative defenses, because the motion is a delay tactic, and because Plaintiff is not prejudiced by the affirmative defenses. Def.'s Resp. Br. 3, ECF No. 23. In the alternative, Defendants seek leave to amend their Answer. *Id.*

## ANALYSIS

### A. Legal Standard

The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give parties fair notice of their opponents' defenses and an opportunity to rebut them. *See Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). Rule 12(f) permits a court to strike affirmative defenses that are insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike are generally disfavored because they potentially serve only to delay. *Id.* at 1294. However, where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.*

Plaintiffs argue that the standard for pleading affirmative defenses is heightened in light of the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants argue that the more stringent pleading

2

standards set forth in *Twombly* and *Iqbal* do not apply to affirmative defenses. The Seventh Circuit has not yet decided the issue, and while many judges in this district have determined that *Twombly* and *Iqbal* apply to affirmative defenses, it is unnecessary to explore the issue in depth in this case. The majority of Defendants' affirmative defenses are insufficient under either standard.

Affirmative defenses are pleadings "subject to all pleading requirements of the Federal Rules of Civil Procedure," and therefore must contain "a short and plain statement" supporting the defense. *Id.* Affirmative defenses comprised of no more than "bare bones conclusory allegations" or unsupported legal conclusions are insufficient and will generally be stricken. *Id.* at 1295. Simply naming a legal theory without indicating how it is connected to the case at hand is also insufficient to survive a motion to strike. *Renalds v. S.R.G. Rest. Group*, 119 F.Supp.2d 800, 803 (N.D. Ill. 2000). At the very least, a defendant must provide enough facts so that the plaintiff is put on notice as to which of its actions are complained of. *Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003).

## B. Defendants' Affirmative Defenses

### 1. Failure to State a Claim

Defendants' first affirmative defense is that Plaintiff has "failed to state a claim or cause of action upon which any relief can be granted against Defendants." At the outset, some courts in this district find that failure to state a claim for which relief may be granted is not properly plead as an affirmative defense at all, and should instead be raised as a motion to dismiss pursuant Rule 12(b)(6). *See, e.g., Renalds v. S.R.G. Rest. Group*, 119 F.Supp.2d 800, 803 (N.D. Ill. 2000); *Sanchez v. Roka Akor Chicago LLC*, No. 14-4645, 2015 WL 122747, at *2 (N.D. Ill. Jan. 9, 2015). Even if this is a proper affirmative defense, however, it still must be stricken.

Defendants simply recite the standard for a Rule 12(b)(6) motion to dismiss without connecting the standard to the facts of this case at all. This sort of barebones, conclusory allegation is insufficient. The motion to strike is granted without prejudice to Defendant raising such a defense under Rule 12(b)(6) if it is justified.

### 2. Collective Action Treatment

Defendants' second affirmative defense is that Plaintiff has "failed to adequately plead and establish the necessary elements for collective action treatment." This, too, is a barebones, conclusory allegation and does not meet Rule 8(a)(2)'s requirement of a short and plain statement showing Defendants are entitled to relief.

Moreover, Plaintiff already has filed a Motion for Class Certification for the IWPCA claim and is scheduled to file a Motion for Collective Action Certification for the FLSA claim in the future. Thus, whether this case is appropriate for treatment as a collective action already is an issue in this case. Plaintiff bears the burden of convincing the Court as a threshold matter that collective action treatment is appropriate. Defendants' second affirmative defense really is an attack on Plaintiff's *prima facie* claim and, as such, is a negative defense rather than an affirmative defense. *See Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011) (explaining that an affirmative defense must plead matter that is not within the claimant's *prima facie* case) (citation omitted). As currently pled, therefore, it adds nothing. The motion to strike is granted without prejudice.

### 3. Prior Recovery

Defendants' third affirmative defense is that Plaintiff is barred in whole or in part "to the extent Plaintiffs and potential opt-in Plaintiffs have ever recovered or may have recovered, in other legal or administrative proceedings, any monies for the wages, benefits, or other

compensation allegedly at issue in this action." This defense is based on facts that may be developed further through discovery. Plaintiff is sufficiently put on notice that Defendants will attempt to offset any plaintiffs' recovery on this basis. The motion to strike is denied.

### 4. Laches and Estoppel

Defendants' fourth affirmative defense is that Plaintiff's claims are "barred by the doctrines of laches and estoppel by reason of Plaintiffs' and potential opt-in Plaintiffs' actions and course(s) of conduct." Again, this affirmative defense is barebones, conclusory, and contains no statement at all supporting the defense (or, as it were, defenses, as Defendants allege two equitable defenses here but do not specify how either might apply). Defendants cannot simply recite a laundry list of Rule 8(c)(1) affirmative defenses without indicating in any way how they may be tied to the facts of this case. The motion to strike is granted without prejudice.

### 5. Statute of Limitations

Defendants' fifth affirmative defense is that Plaintiff's claims are "barred by the applicable Statutes of Limitations, including but not limited to under 29 U.S.C. § 255." Defendants have not alleged any facts supporting the assertion the Plaintiff's claims are untimely under 29 U.S.C. § 255 or any other statute. Bare legal conclusions are not sufficient to support an affirmative defense. The motion to strike is granted without prejudice.

### 6. Good Faith

Defendants' sixth affirmative defense is that, "at all material times, [Defendants] acted in good faith and had reasonable grounds for believing that their actions were in compliance with the FLSA, the IWPCA, and all other applicable laws, rules, and regulations." Defendants have not provided any indication as to why good faith is relevant here and they have not alleged any facts to support such a defense in even a minimal way. It is perhaps a good guess that

5

Defendants' good faith is relevant to liquidated damages under the FLSA. *See* 29 U.S.C. § 260. Yet that is not the only reason good faith might be relevant under the FLSA, *see, e.g.*, 29 U.S.C. § 259 (good faith reliance on administrative rulings may be a defense to FLSA claims), and Defendants do not even specify what other "applicable laws, rules, and regulations" they might rely upon. The Court will not require Plaintiff to speculate about either the legal or factual basis of Defendants' affirmative defense. The motion to strike is granted without prejudice.

### 7. Willfulness, Knowledge, or Reckless Disregard

Defendants' seventh affirmative defense is that they "did not act willfully or with knowledge or reckless disregard as to whether their conduct violated the FLSA, the IPWA, or any other applicable laws, rules, and regulations." Again, Defendants again have not provided any factual basis for this defense nor have they provided any indication as to why this might be relevant under the FLSA, the IWPCA, or any other laws, rules, and regulations upon which they intend to rely. The motion to strike is granted without prejudice.

A logical guess is that Defendants asserted this defense because they intend to limit Plaintiff to a two-year statute of limitations. Under the FLSA, violations are normally subject to a two-year statute of limitations unless a plaintiff can show that the employer's conduct is "willful," in which case the plaintiff obtains the benefit of the three-year exception. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). If that is the case, the motion to strike would still be granted as improperly pled, as this is a negative defense.

### 8. *De Minimis* Doctrine

Defendants' eighth affirmative defense is that Plaintiff's claims "are barred under the *de minimis* doctrine." Defendants have not identified what work they believe is barred under the *de*

6

*minimis* doctrine or otherwise pled any facts to support their contention that the *de minimis* doctrine should apply here. The motion to strike is granted without prejudice.

### 9. Portal-to-Portal Act

Defendants' ninth affirmative defense is that the work activities described in Plaintiff's complaint "are not compensable as eligible for overtime compensation under the Portal-to-Portal Pay [Act], 29 U.S.C. § 254 and its applicable rules and regulations." Defendants have not identified any facts in support of this affirmative defense, nor have they identified what portion or portions of this statute are at issue. Plaintiff cannot be expected to speculate which applicable rules and/or regulations Defendants intend to rely upon, especially where Defendants have provided no factual basis for their defense. The motion to strike is granted without prejudice.

### 10. Mitigation

Defendants' tenth affirmative defense is that Plaintiff and all potential opt-in Plaintiffs are barred from recovering any damages because they "could/should have mitigated their alleged monetary damages and have not mitigated such alleged damages." This defense is based on facts that may be developed as discovery progresses. Plaintiff is sufficiently put on notice that Defendants will attempt to offset damages based on a failure to mitigate. *See, e.g., Mister v. Dart*, No. 13-1578, 2014 WL 2922830 at *2 (N.D. Ill. June 26, 2014); *LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F.Supp.2d 840, 861 (N.D. Ill. 2008); *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999). The motion to strike is denied.

### 11. Offset

Defendants' eleventh affirmative defense is that they are "entitled to a set-off in the amount of all monies paid to Plaintiff and others who may be deemed similarly and constituting wages or compensation paid to them for 'drive time,' 'ride time,' or otherwise." This defense is

7

also based on facts that may be developed as discovery progresses. The motion to strike is denied.

### 12. Reservation of Rights

Defendants' twelfth affirmative defense seeks to "reserve the right to amend their Answer and specifically add additional affirmative and factual defenses as discovery proceeds." This affirmative defense is unnecessary. "As with all motions for leave to amend, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset." *Wallace v. City of Chicago*, 472 F.Supp.2d 942, 946 (N.D. Ill. 2004). If Defendants seek to add additional defenses at a later time, the Court will address them at that time. The motion to strike is granted with prejudice.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 17, 2015