IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON PIETRZYCKI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 14 C 6546 |
| v. ) | |
| ) | Jeffrey T. Gilbert |
| HEIGHTS TOWER SERVICE, INC., et al., ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's Motion for Leave to Amend Complaint [ECF 36] is granted. See Statement below.

## STATEMENT

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint [ECF 36]. Plaintiff seeks leave to file an Amended Complaint to add an Illinois Minimum Wage Law claim, 820 ILCS § 105/1 *et seq.* In his initial Complaint, Plaintiff alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* Defendants oppose the Motion, arguing that the motion should be denied because Plaintiff has unduly delayed in seeking leave to amend his Complaint and that such delay will unduly prejudice Defendants at this state of the litigation.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion for leave to file an amended pleading is a matter within the sound discretion of the district court. *Brunt v. Serv. Employees Int'l Union*, 424 F.3d 542, 553 (7th Cir. 2005); *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 520 F. Supp. 2d 1022, 1045-46 (N.D. Ill. 2007). "Although leave to amend shall be freely given when justice so requires,

Fed.R.Civ.P. 15(a), leave is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir. 1991). While "delay alone is an insufficient reason to deny [a] proposed amendment, there is a 'sufficient basis for denial of leave to amend . . . when the delay has caused the opposing party undue prejudice.'" *Chavez v. Illinois State Police,* 251 F.3d 612, 633 (7th Cir. 2001) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.,* 711 F.2d 1387, 1391 (7th Cir.1983)).

The Court finds that there will be no undue delay and no undue prejudice to Defendants in adding an Illinois Minimum Laws claim at this stage in the litigation. Although Plaintiff acknowledged at oral argument that the new claims could have, and maybe should have, been included in his original Complaint, Plaintiff also stated that discovery has shown that almost 75% of the potential plaintiffs are Illinois residents, which is something he was not aware of when he filed his initial Complaint. Plaintiff also affirmatively stated on the record that he does not need any additional discovery on the new claim. Defendants conceded at oral argument that if Plaintiff does not need any new discovery, then there will be no undue delay and no increase in litigation costs.

Defendants, however, continues to maintain its argument on prejudice. Defendants argue that they will be unduly prejudiced if Plaintiff is given leave to file his Amended Complaint because it potentially will increase Defendants' exposure in the case. The Court is not persuaded that an increase in Defendants' exposure at trial is a sufficient reason to deny leave to amend particularly when the new claim will not increase the necessary discovery in this case nor will it create any undue delay. Courts in this Circuit have held that "increased exposure to potential

2

liability . . . is hardly the type of prejudice which can be considered 'undue.'" *Serfecz v. Jewel Food Stores, Inc.*, 1997 WL 543116. at *6 (N.D. Ill. Sept. 2, 1997) (quoting *Adair v. Hunt Int'l Resources Corp.*, 526 F.Supp. 736, 740 (N.D.Ill.1981)); *see also Commercial Life Ins. Co. v. Lone Star Life Ins. Co.*, 1989 WL 64715, at *2 (N.D.Ill. June 7, 1989) (recognizing that "[t]he possibility that a party's exposure to liability might be increased" is "an unavoidable result when amendments are granted"); *Gregg Communications v. American Tel. & Tel. Co.*, 98 F.R.D. 715, 721 (N.D.Ill.1983) (same).

Accordingly, Plaintiff's Motion for Leave to Amend Complaint [ECF 36] is granted.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 11, 2015