# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 14-06546 |
| HEIGHTS TOWER SERVICE, INC., and MARK MOTTER | )<br>)<br>)<br>) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff JASON PIETRZYCKI ("Pietrzycki") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Second Amended Complaint against Defendants HEIGHTS TOWER SERVICE, INC., a Corporation ("Heights Tower") and MARK MOTTER, an Individual ("Motter") (collectively, "Defendants,") states as follows:

## NATURE OF CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their lawfully earned and living wages. Plaintiff bring his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and his state law claims pursuant to F.R.C.P. 23.

## THE PARTIES

2. Plaintiff Pietrzycki resides in and is domiciled in this judicial district.

3. Defendant Heights Tower is an Illinois Corporation located at 7842 State Route 71, Yorkville IL, 60560, within this judicial district.

4. At all material times hereto, Defendant Heights Tower was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d) and the IMWL.

5. Defendant Motter is the owner, President, and registered agent of Defendant Heights Tower and is involved in Heights Tower's day-to-day business operations. Among other things, Defendant Motter has the authority to hire and fire employees, to direct and supervise the work of employees, and to distribute paychecks to employees.

6. Defendant Motter is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL.

7. At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IWPCA claims pursuant to 28 U.S.C. § 1367.

9. From 2011 to the present, Defendant Heights Tower was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. 203(r) and 203(s).

10. The annual gross sales volume of Heights Tower was in excess of $500,000.00 per year each year since 2011.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendant is located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

12. Pursuant to 29 U.S.C. § 207, for all weeks Plaintiff and similarly situated persons worked in excess of 40 hours, they were entitled to be compensated for that time at a rate of one and one-half their regular rate of pay.

## ALLEGATIONS OF FACT

13. Heights Tower is in the business of servicing towers--such as cellular towers and silos. HTS titles certain of its employees with the label of "Tower Technicians" and "Foreman". Tower Technicians and Foreman travel to the locations where HTS's clients' towers are located and perform functions such as tower upgrades, maintenance, and installation of equipment.

14. In the 3 year period before the filing of the original complaint in this action through the present, Heights Tower has employed in excess of 100 Tower Technicians and Foreman and paid them on an hourly basis. Plaintiff Pietrzycki served as both a Tower Technician and a Foreman at HTS.

15. The non-compliant practices as alleged herein were part of a practice and policy common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

16. During the course of Plaintiff's employment, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did customarily work

in excess of forty (40) hours in individual work weeks. Plaintiff was not compensated one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as required by law.

17. Other non-exempt similarly situated employees, likewise, were directed to work in excess of forty (40) hours in individual work weeks by Defendants and did work in excess of forty (40) hours in individual work weeks but were not paid one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as required by law.

18. The specific practice complained of here relates to Defendants' failure to pay overtime to Plaintiff and other similarly situated employees for those hours constituting "Drive Time", as discussed in greater detailed below.

19. Defendants in fact would pay Plaintiffs overtime compensation but would exclude "Drive Time" in computing overtime compensation as to (a) the "regular" rate of pay under the FLSA and (b) in determining the total number of hours worked for purposes of determining overtime.

20. A substantial part of a Tower Technician and a Foreman's day--particularly at the beginning or end of a multi-day job--is spent driving. For example, Tower Technicians and Foreman drive from HTS's warehouse to HTS' customers' warehouses to pick up parts for projects. They then drive from these warehouses to tower sites. Customer warehouses and site locations are often in distant locations, out of state.

21. Tower Technicians and Foreman typically travel in 4 person crews, with one person driving and the remaining 3 crew members riding as a passenger.

22. HTS pays Tower Technicians and Foreman a reduced hourly rate for Drive Time. For example, Plaintiff Pietrzycki earned $23.00 for those hours he was working at a tower site but only $10.00 per hour for Drive Time. [1]

23. In computing the number of overtime hours worked for compensation purposes, the Defendants would not count Drive Time hours. For example, Plaintiff Pietrzycki's paystub for the week of May 17, 2014 shows that he worked 39.50 hours of regular time and 6.5 hours of Drive Time. He was not paid any overtime for this week.

24. Likewise, in determining the regular rate calculation for overtime purposes, the Defendants failed to capture all remuneration paid to Plaintiff and other similarly situated plaintiffs. Specifically, the Defendants did not include compensation earned through Drive Time in determining the regular rate of pay for overtime purposes.

25. At all times relevant, Defendants maintained an employee handbook that was distributed to all employees upon being hired. Page 12 of this Handbook sets forth that which Plaintiff and other similarly situated employee were supposed to receive regarding overtime wages. Specifically, the Handbook states: "Non-exempt employees who perform overtime work will be paid one-and-one-half times (1.5x) their regular rate of pay for every hour worked over forty (40) hours in a seven (7) day workweek."

## CLASS AND COLLECTIVE ALLEGATIONS

26. Plaintiff seeks to prosecute the case on behalf of current and former HTS Tower Technicians and Foreman. The relevant time period for Counts I and II is for work performed within the past three years preceding the filing of this Complaint. For Count III, the relevant

---

[1] Upon information and belief, HTS (after a vehicular accident) began paying the driver of the vehicle their non-reduced rate and now the person driving the vehicle is not paid the reduced Drive Time rate.

time period is for work performed within the past 10 years preceding this lawsuit's filing to the day of trial.

27. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one-half their wages for overtime hours worked.

28. In the course of employment with Defendant, Plaintiff and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

29. There are estimated to be over 100 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action and a class action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

30. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective and class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

31. Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with members of their respective collective.

# COUNT I
## Violation of the Fair Labor Standards Act—Overtime Wages
### (Plaintiff Individually And On Behalf of all Similarly Situated Employees—Against Defendants Heights Tower And Motter)

32. Plaintiffs hereby reallege and incorporate paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201 et seq., for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

34. During the course of their employment by Defendants, Plaintiff and other similarly situated employees were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

35. Pursuant to 29 U.S.C § 207, for all time which Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

36. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

37. The non-compliant practices as alleged herein were part of a practice and policy common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

38. During the course of Plaintiff's employment, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did customarily work in excess of forty (40) hours in individual work weeks. Plaintiff was not compensated one and

one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

39. Other non-exempt similarly situated employees, likewise, were directed to work in excess of forty (40) hours in individual work weeks by Defendants and did work in excess of forty (40) hours in individual work weeks but were not paid one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

40. Specifically, Plaintiff and other similarly situated employees had Drive Time excluded from overtime compensation for determining their (a) the "regular" rate of pay under the FLSA and (b) in determining the total number of hours worked for purposes of determining overtime.

41. Defendants' failure to pay Plaintiff and other similarly situated employees sufficient, true, and correct overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA, 29 U.S.C. § 207.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated employees whom the Plaintiff seeks to represent in this action, request the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. Certification of this action as a collective action brought pursuant to 29 U.S.C § 216(b);

c. Designation of Plaintiff as representative of the FLSA Collective Action;

d. That Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Defendant employees who

performed tower maintenance work during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

 e. That the Court find the Defendants' violations of the FLSA were willful;

 f. That the Court award the Plaintiff and all similarly situated employees, overtime compensation for previous hours worked in excess of forty (40), for any given week during the past three (3) years in amounts to be determined at trial, and liquidated damages of an equal amount to the unpaid overtime compensation;

 g, Costs of action incurred herein, including expert fees;

 h. Attorneys fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

 i. Pre-judgment and post-judgment interest as provided by law; and

 j. Any other legal and equitable relief as this Court may deem appropriate.

## COUNT II
### Violation of the Illinois Minimum Wage Law
**(Plaintiff Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23—Against Defendants Height Towers And Motter)**

42. Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Amended Complaint, as if fully set forth herein.

43. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

44. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff and similarly situated employees for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

45. During the 3 years prior to the filing of this Complaint, Plaintiff and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but were not compensated for such overtime work.

46. By failing to pay overtime compensation due to Plaintiff and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

47. As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Certification of a class of Plaintiffs defined as current and former HTS Tower Technicians and Foreman. The relevant time period is for work performed within the past three years preceding this lawsuit to the day of trial;

B. A declaratory judgment that Defendants have violated the overtime provisions of the IMWL as to the Plaintiff and the Class;

C. A declaratory judgment that Defendants' violations of the IMWL were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid overtime;

E. A judgment to Plaintiff and the Class of all damages permitted under the IMWL, including 2% interest per month in accordance with 820 ILCS 105/12;

F. A judgment to Plaintiff and the Class of reasonable attorney's fees;

G. Costs incurred in filing this action; and

H. Such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Dated: July 2, 2015

Respectfully submitted,
**JASON PIETRZYCKI**

By: /s/ David J. Fish
One of his Attorneys

David J. Fish
Sarmistha (Buri) Banerjee
THE FISH LAW FIRM, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400