# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 14-cv-6546 |
| HEIGHTS TOWER SERVICE, INC., and MARK MOTTER | ) ) ) | |
| Defendants. | ) ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, the "Settlement Agreement" or the "Agreement") is made and entered into effective this 28th day of February, 2018 by and between Plaintiff Jason Pietrzycki ("Plaintiff") on behalf of himself and all other plaintiffs similarly situated, on the one hand, and Defendants Heights Tower Service, Inc. ("HTS") and Mark Motter ("Motter," and together with HTS, collectively "Defendants"), on the other hand.

**WHEREAS,** The Fish Law Firm P.C. is "Class Counsel" representing the Settlement Class. Defendants are represented by Mazanec, Raskin & Ryder Co., L.P.A.

**WHEREAS,** on August 25, 2014, Class Counsel filed this action in the United States District Court for the Northern District of Illinois, Case No. 14-cv-6546 (the "Litigation" or the "Lawsuit") against Defendants on behalf of Plaintiff and others similarly situated who were non-exempt employees who worked overtime and were alleged to have not been fully compensated and in violation of the Fair Labor Standards Act ("FLSA"), and the Illinois Minimum Wage Law ("IMWL"). Plaintiff alleged that Defendants failed to properly pay employees one and one-half times their normal rate for hours worked over forty in a work week as a result of their time spent engaged in "drive time".

1

**WHEREAS,** this case was conditionally certified as a collective action pursuant to 29 U.S.C. §216(b).  In addition to Pietrzycki, 13 others filed their consents to become plaintiffs to pursue their FLSA claims (the "Collective Members").  The Collective Members are listed on Exhibit A.

**WHEREAS,** this case was certified as a class action pursuant to Fed. R. Civ. Pro. 23(c) for all employees and former employees similarly situated to Pietrzycki who worked in Illinois to pursue their IMWL claims.  After the opt-out period expired, there were 51 class plaintiffs who chose to remain part of this action ("Class Members").  The Class Members are listed on Exhibit B.

**WHEREAS**, in light of further investigation conducted to date, the time and expense associated with future discovery and motion practice, and the challenges and risks associated with a trial of this matter, the Parties elected to engage in settlement discussions.

**WHEREAS**, it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of claims against Defendants pursuant to the terms described herein.

**WHEREAS**, the Parties reached an equitable settlement after arm's-length negotiations which were oversaw by Magistrate Judge Gilbert.  With Judge Gilbert's assistance, the Parties reached an equitable settlement.  The Parties and their Attorneys believe that this Settlement Agreement provides a fair and reasonable resolution for the Parties.

**WHEREAS**, Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in Plaintiff's complaint.  Specifically, Defendants deny that their pay practices failed to comply with the FLSA, the IMWL, or any other federal or state law.

**WHEREAS**, Defendants, Plaintiff and their respective counsel also wish to avoid the expense, burden, diversion and risk of protracted litigation and wish to resolve this matter.

**WHEREAS**, Defendants represent and warrant that the payroll data that they have provided and which are relied upon for the computations in this Agreement are accurate and reflect all outstanding overtime allegedly owed.

**NOW, THEREFORE**, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Parties agree as follows:

I.  <u>**GENERAL TERMS**</u>

1.  <u>**Settlement Payment:**</u>

As consideration for entering into this Agreement, the Defendants shall pay $333,000.00 (Three Hundred and Thirty Three Thousand Dollars) which amount is inclusive of: (a) alleged damages to Class and Collective Members, (b) an incentive fee to Jason Pietrzycki, and (c) attorney fees and costs to Class Counsel which are disclosed in Section V below. (Hereinafter, the "Total Settlement Amount")

From the Total Settlement Amount, Defendants shall pay the Class and Collective Members an amount determined by the number of actual drive time hours worked by that member as reported on HTS's business records. The amount that shall be paid to each Collective Member who is listed on Exhibit A and the amount to each Class Member is listed on Exhibit B.[1] The amount paid to Jason Pietrzycki includes a $7,500 Service Award. The total amount reflected on Exhibits A and B is $121,567.13.

If a Class Member opts out of the Class, he will not be entitled to payment, and the amount will revert to Defendants. The Parties and their counsel agree that the remaining Class Members are not entitled to a distribution of such amounts (i.e., that amount which was allocated to the Class Member who opts out), whether apportioned on a *pro rata* basis or otherwise. To the extent that there are any opt-outs, a revised Exhibit B shall be calculated by Class Counsel and provided to Defendants at least three (3) days before the Final Approval Hearing. By way of example, if a Class Member receiving $500.00 opts out, then his $500.00 portion would be retained by Defendants. Under no circumstances shall this increase the total amount that the Defendants must pay under this Settlement Agreement.

---

[1] To the extent an individual is both a Class Member and a Collective Member, they are listed on Exhibit A and not Exhibit B.

2.    **Installments**:  The settlement payment will be made in two installments.  The first installment of $63,435.73 will be due no later than 14 days after the Court issues the Final Approval Order as more detailed below.  The second installment of $58,131.40 will be due no later than the 365th day following the execution of this Agreement.  The settlement amounts shall be distributed according to the schedule set forth in Exhibit C.

The only exception to the above paragraph is that for any Class Member or Collective Member whose total payment due under this Agreement is under $500.00, he shall be paid in full in the first installment.  Upon paying that Class Member or Collective Member in full on the first installment, the Defendants shall have no further payment obligation(s) to that Class Member or Collective Member in the second installment.

3.    **Issuance of Checks:**  Defendants will, by the deadlines set forth in the preceding paragraph, deliver to Class Counsel separate checks for each Class Member and Collective Member.  One half of each Collective or Class Member's payment will represent the Collective or Class Member's claimed unpaid wages.  Defendants shall take out regular payroll deductions from each Class Member and Collective Member's payment.  The other half of each Collective or Class Member's payment will represent liquidated damages or statutory interest.  No withholdings will be made from the second half of each payment.  The checks shall be sent by overnight courier with sufficient time so that they arrive at Class Counsel's office by the deadlines required herein.  Class Counsel will, in turn, mail out at their sole  cost the checks to each Class Member and Collective Member's last known address within fourteen (14) days of receipt of the payments from Defendants.

To the extent that Class Counsel receives notice that its mail to a Class Member or Collective Member was returned, or if Class Counsel believes that the address they have for a Class Member or Collective Member is not accurate, the Defendants shall provide the last known telephone number and other contact information in the Defendants' possession to the Class Counsel upon request to facilitate notice.

180 days after the issuance of payments as set forth above, the Defendants shall provide to the Plaintiffs a list showing any Class Members or Collective Members who did not cash their

checks. At that time, payment shall be stopped on those individuals checks (or the checks shall be made so that they automatically expire within 180 days). Any uncashed checks shall be re-issued to the Illinois State Treasurer unclaimed property division in name of the Class Member or Collective Member who did not cash the check. If any check is not cashed within 180 days of mailing by Class Counsel, then 210 days after the checks were mailed, Defendants will send a replacement check to the Illinois Treasurer, Unclaimed Property Division so that the payments are held by the Illinois Treasurer in the name of the Class Member or Collective Member. Defendants shall provide Class Counsel with proof of such actions no later than 15 days following the issuance of the check to the Illinois Treasurer.

## II.    SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective only upon the occurrence of all of the following events: (a) the Agreement is executed; (b) the Court preliminarily approves the material terms of the Settlement as set forth in this Agreement and enters, without material change, the proposed Order of Preliminary Approval attached as Exhibit E; (c) the Class Notice, attached as Exhibit D is sent to the Class Members; (d) Class Members are afforded the opportunity to exclude themselves from the Settlement by submission of a request for exclusion or to file written objections; and (d) the Court holds the Fairness Hearing, approves the Settlement, and enters Final Judgment, dismissing this case with prejudice.

## III.    DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL

As soon as is practicable and without undue delay, the Parties shall submit this Settlement Agreement to the Court, seeking preliminary approval of the Settlement Agreement. Promptly upon execution of this Settlement Agreement by all Parties, the Parties shall apply to the Court for the entry of an order substantially in the following form:

a. Preliminarily approving the Settlement Agreement, subject only to the objections of Class Members, modification of the Settlement Agreement if agreed to by both parties, and final review by the Court;

b. Approving as to form and content the Class Notices;

c. Directing the mailing of the Class Notices by first class mail to Class Members by Class Counsel; and

    d.   Scheduling a final hearing on the question of whether the proposed settlement should be finally approved as fair and reasonable.

Class Counsel will prepare and file the motion for preliminary approval. The Parties will cooperate and endeavor to file the motion as unopposed. Defendants will not oppose the motion except to the extent it does not comport with this Agreement. The date upon which the Court enters the order granting preliminary approval will be the "Preliminary Approval Date."

## IV.   **NOTICE PROCEDURE**

No later than fourteen (14) calendar days following the Preliminary Approval Date, Class Counsel shall send to each Class Member the Class Notice in substantially the same form attached to this Agreement as Exhibit D via first class U.S. mail postage prepaid to each Class Member's last known physical address.

Only Class Members may object to the Settlement Agreement. To object to the Agreement, such person must send a written objection to Class Counsel, with copies to Defendants' counsel, no later than the Objection Deadline (as that term is defined in the Class Notice). The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

For a Class Member to exclude himself or herself from the Settlement, he or she must write and submit a Request for Exclusion in the form of a letter as detailed in Exhibit D. All Requests for Exclusion must be submitted by 10 days prior to the Final Approval Hearing. (the "Opt-Out Deadline"). The date of submission is deemed to be the earlier of: (a) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; or (b) the date the form is received by Class Counsel. Any Class Member who timely submits a valid request for exclusion shall not: (i) be bound by any orders or judgments entered in this Class Action Litigation; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of the Court. Upon receipt of a timely request for exclusion, Class Counsel shall promptly notify and send a copy of the request for exclusion to counsel for Defendants. If a fully completed and properly executed request for exclusion is not timely received by Class Counsel, then such person will be deemed to have forever waived his or her right to opt out of the Settlement Class. If a Class

Member opts out of the Class, he will not be entitled to payment, and the amount will revert to Heights Tower Service, Inc.

No later than five (5) calendar days in advance of the Final Approval Hearing, or by such other date as the Court may direct: (1) Class Counsel shall file and serve a motion for final approval of the Settlement; and (2) the Parties shall file a proposed order granting final approval of the Settlement, along with a proposed judgment in substantially the form attached as Exhibit F.

Full copies of the Settlement Agreement shall also be made available for Class Member and Collective Members to review on Class Counsel's Internet site.

## V.   **ATTORNEYS' FEES AND EXPENSES**

In addition to paying the Class members as identified above, the Defendants also shall pay reasonable attorneys' fees, litigation expenses, costs and settlement administration to Class Counsel for their representation of the Plaintiff and the Collective and Class Members in the amount of $211,432.87 (the "Attorneys' Fees Payment").  Said amount shall be in addition to, not subtracted from, Settlement Payments to Collective and Class Members described herein. However, in no event shall Defendants' obligations under this Art. V exceed the Total Settlement Amount. The Attorneys' Fees Payment shall be paid in two installments.  The first installment will be for $105,716.43, and the second installment will be for $105,716.44.  Defendants shall provide the first installment payment no later than 14 days after the Court issues the final approval order described in Section IV above.  The second installment will be due no later than the 365th day following the execution of this Agreement.

Plaintiff and Class Counsel understand and agree that any fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees, expenses and costs arising from or relating to the representation of the Plaintiff, Collective Members and Class Members or any other attorneys' fees, expenses and costs associated with the investigation, discovery, and/or prosecution of this Litigation; provided, however, that if it becomes necessary to enforce the terms of the settlement for non-payment, then Class Counsel shall be entitled to their reasonable attorney fees and costs incurred in doing so.  So long as the Defendants timely make all payments as required herein, then Class Counsel shall be entitled to no future fees, expenses or costs other than those set forth herein.

## VI.    RELEASE BY THE SETTLEMENT CLASS

Upon Final Approval, all Class Members who do not timely return a request for exclusion, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims specifically raised in the Litigation for the payment of overtime under the IMWL during the Class Period (the "Released Wage Claims"). The term "Class Period" means August 25, 2011 through October 21, 2017.  Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Wage Claims.  However, on Final Approval (and to the extent provided for in this paragraph), all Class Members shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Wage Claims.

The back of each Collective Member's check will contain the following limited endorsement:

> By cashing this check, I agree to participate in the Settlement and be bound by the release of the Released Wage Claims on the same terms as a Class Member as those terms are defined in the Settlement Agreement in *Pietrzycki v. Heights Tower Service, Inc.*

The releases herein do not release any rights relating to the enforcement of this Agreement.


## VII.    NO ADMISSION OF LIABILITY

This Agreement shall not in any way be construed as an admission by Defendants that they have acted wrongfully with respect to Plaintiff, Collective Members or Class Members collectively or individually or to any other person, or that those individuals have any rights whatsoever against Defendants, and Defendants specifically disclaim any liability to or wrongful acts against the Plaintiff, Collective Members, Class Members or any other person, on the part of Defendants, and their respective predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, employees, agents, and representatives.   This Agreement shall not serve or be construed as evidence that any party has prevailed or that Defendants or the Released Parties have engaged in any wrongdoing.

8

This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## VIII. DUTIES OF THE PARTIES RELATED TO FINAL COURT APPROVAL

No later than seven (7) calendar days prior to the date of the Final Approval Hearing, or by such other date as the Court may direct, the Parties shall submit a proposed Final Judgment Order in substantially the form attached hereto as Exhibit F

## IX. PARTIES' AUTHORITY:

The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and bind the Parties hereto to its terms and conditions.

## X. MUTUAL FULL COOPERATION:

The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Settlement. The parties shall also use their best efforts to cooperate with each other in the future to effectuate the intent of this Agreement, including to assure the payment of the sums owed to the Class and Collective Members.

Should the Court not approve the Agreement, or should the Court not approve and enter the Preliminary Approval Order (or in a form without any changes by the Court that either of the Parties deems material), the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible. In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-

submit for the Court's approval. In the event this settlement is never approved by the Court, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Litigation or the settlement of the Litigation will be inadmissible.

## XI.    FAIR, ADEQUATE, AND REASONABLE SETTLEMENT:

The Parties agree that the Settlement Agreement is fair, adequate, and reasonable, and will so represent to the Court.

## XII.    ENFORCEMENT ACTIONS:

The Plaintiff, Collective Members and Class Members shall be entitled to all reasonable attorney fees and costs in any action to enforce this agreement to the extent that there is a nonpayment of any money owed under this agreement but only to the extent that the Defendants were first provided written notice and a 15 day opportunity to cure any such alleged default.

## XIII.    CONSTRUCTION:

The Plaintiff, Collective Members, Class Members and Defendants (each a "Party" and collectively, the "Parties") agree that the terms and conditions of this Settlement are the result of intensive arms-length negotiations between the Parties, and that the Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Settlement.

## XIV.    CAPTIONS AND INTERPRETATIONS:

Paragraph titles or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.

## XV.    MODIFICATION:

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

DocuSign Envelope ID: BD7D232D-4C09-427E-A29C-CEEA670CFD10

## XVI.   INTEGRATION CLAUSE:

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement. No rights under this Settlement may be waived except in writing.

## XVII.   BINDING ON ASSIGNS:

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

## XVIII.   COUNTERPARTS:

This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement. A copy, facsimile or digital image of this executed Agreement or a counterpart shall be binding and admissible as an original.

## XIX.   APPLICABLE LAW:

This Settlement Agreement shall be governed by and construed in accordance with applicable federal and Illinois state law.

**PLAINTIFF**



_____.
Jason Pietrzycki, individually and on behalf of all persons similarly situated.

**FOR DEFENDANTS:**

11

Heights Tower Service, Inc.

Mark Motter

12

**EXHIBIT A**
**COLLECTIVE MEMBERS**

| | | |
|---|---|---|
| Broge | Joshua | $571.53 |
| Duncan | Curtis | $1,198.87 |
| Follestad | Christopher | $657.32 |
| Gomez | Tevin | $499.71 |
| Kanuckel | Clinton | $1,913.36 |
| Natola | Sean | $2,516.41 |
| Natola | Taylor | $2,604.91 |
| Pietrzycki | Jason | $14,668.03 |
| Reynoso | Roy | $920.89 |
| Schmidt | Dustin Ryan | $4,893.59 |
| Stacey | Dustin | $3,249.81 |
| Torres | Joel | $580.34 |
| Windom | Walter | $1,605.11 |
| Wolfe | Bradley | $469.23 |

**EXHIBIT B**
**CLASS MEMBERS**

| Last Name | First Name | Settlement Amount |
|---|---|---|
| Bach | Brandon | $207.93 |
| Barnes | Bryan | $281.99 |
| Beagley | Randall | $2,398.32 |
| Bonifay | Anthony | $111.66 |
| Bustamonte | Leonardo | $11,403.37 |
| Cepeda | Carlos | $718.61 |
| Chavira | Eduardo | $195.96 |
| Cherry | Nate | $3,420.09 |
| Destani | Austin | $4,922.26 |
| Doucette | Phillip | $277.26 |
| Duncan | Zachary | $1,192.80 |
| Edmondson | Michael | $372.96 |
| Fiene | Chris | $918.75 |
| Flandro | Jeffrey | $3,604.17 |
| Gauna | Luis | $1,267.21 |
| Golubic | Blade | $646.70 |
| Gonzales | Andrew | $83.00 |
| Grigsby | Steven | $472.29 |
| Gukich | Steven | $1,683.32 |
| Hernandez-Gurrola | Oscar | $56.08 |
| Hiett | Curtis | $1,282.80 |
| Holmstrom | Dean | $914.51 |
| Howell | Joe | $534.32 |
| Korbisch | Louis | $1,794.04 |
| Lopez-Gonzalez | Isidro | $209.36 |
| Lyon | Jospeh | $336.15 |
| Mena | Daniel | $3,376.71 |
| Mollison | Mathew | $1,945.93 |
| Monyelle | Cameron | $19.62 |
| Monyelle | Chad | $160.61 |
| Moon | Benjamin | $1,882.88 |
| Murphy | Michael | $1,832.76 |
| Nelson | Andrew | $249.69 |
| Padilla | Alejandro | $5,661.21 |
| Peek | Andrew | $1,843.47 |
| Phillipps | Chad | $454.74 |
| Roemer | Phillip | $105.53 |

14

| Last Name | First Name | Settlement Amount |
|-----------|------------|-------------------|
| Rojas | Sergio | $922.39 |
| Rojas | Jorge | $3,606.44 |
| Rojas | Moses | $5,084.37 |
| Rygula | Stephen | $1,159.10 |
| Sandoval | Carlos | $3,587.42 |
| Senesac | Brian | $3,755.36 |
| Solano | Hugo | $254.16 |
| Standley | Karmon | $787.48 |
| Staver | Blake | $106.49 |
| Terrazas | Alvaro | $2,336.86 |
| Torres | Rodolfo | $379.91 |
| Torres | Jose | $555.76 |
| Triplett | Shaine | $2,571.85 |
| Zagal | Alejandrino | $3,271.36 |

**EXHIBIT C**
**PAYMENT SCHEDULE**

| Last Name | First Name | Payment 1 | Payment 2 |
|---|---|---|---|
| Bach | Brandon | $207.93 | $0.00 |
| Barnes | Bryan | $281.99 | $0.00 |
| Beagley | Randall | $1,199.16 | $1,199.16 |
| Bonifay | Anthony | $111.66 | $0.00 |
| Broge | Joshua | $285.76 | $285.76 |
| Bustamonte | Leonardo | $5,701.69 | $5,701.69 |
| Cepeda | Carlos | $359.31 | $359.31 |
| Chavira | Eduardo | $195.96 | $0.00 |
| Cherry | Nate | $1,710.04 | $1,710.04 |
| Destani | Austin | $2,461.13 | $2,461.13 |
| Doucette | Phillip | $277.26 | $0.00 |
| Duncan | Curtis | $599.43 | $599.43 |
| Duncan | Zachary | $596.40 | $596.40 |
| Edmondson | Michael | $372.96 | $0.00 |
| Fiene | Chris | $459.37 | $459.37 |
| Flandro | Jeffrey | $1,802.09 | $1,802.09 |
| Follestad | Christopher | $328.66 | $328.66 |
| Gauna | Luis | $633.61 | $633.61 |
| Golubic | Blade | $323.35 | $323.35 |
| Gomez | Tevin | $499.71 | $0.00 |
| Gonzales | Andrew | $83.00 | $0.00 |
| Grigsby | Steven | $472.29 | $0.00 |
| Gukich | Steven | $841.66 | $841.66 |
| Hernandez-Gurrola | Oscar | $56.08 | $0.00 |
| Hiett | Curtis | $641.40 | $641.40 |
| Holmstrom | Dean | $457.26 | $457.26 |
| Howell | Joe | $267.16 | $267.16 |
| Kanuckel | Clinton | $956.68 | $956.68 |
| Korbisch | Louis | $897.02 | $897.02 |
| Lopez-Gonzalez | Isidro | $209.36 | $0.00 |
| Lyon | Jospeh | $336.15 | $0.00 |
| Mena | Daniel | $1,688.36 | $1,688.36 |
| Mollison | Mathew | $972.97 | $972.97 |
| Monyelle | Cameron | $19.62 | $0.00 |
| Monyelle | Chad | $160.61 | $0.00 |
| Moon | Benjamin | $941.44 | $941.44 |
| Murphy | Michael | $916.38 | $916.38 |
| Natola | Sean | $1,258.20 | $1,258.20 |
| Natola | Taylor | $1,302.46 | $1,302.46 |
| Nelson | Andrew | $249.69 | $0.00 |

16

| Last Name | First Name | Payment 1 | Payment 2 |
|-----------|------------|-----------|-----------|
| Padilla | Alejandro | $2,830.61 | $2,830.61 |
| Peek | Andrew | $921.74 | $921.74 |
| Phillipps | Chad | $454.74 | $0.00 |
| Pietrzycki | Jason | $7,334.02 | $7,334.02 |
| Reynoso | Roy | $460.45 | $460.45 |
| Roemer | Phillip | $105.53 | $0.00 |
| Rojas | Sergio | $461.19 | $461.19 |
| Rojas | Jorge | $1,803.22 | $1,803.22 |
| Rojas | Moses | $2,542.19 | $2,542.19 |
| Rygula | Stephen | $579.55 | $579.55 |
| Sandoval | Carlos | $1,793.71 | $1,793.71 |
| Schmidt | Dustin Ryan | $2,446.80 | $2,446.80 |
| Senesac | Brian | $1,877.68 | $1,877.68 |
| Solano | Hugo | $254.16 | $0.00 |
| Stacey | Dustin | $1,624.91 | $1,624.91 |
| Standley | Karmon | $393.74 | $393.74 |
| Staver | Blake | $106.49 | $0.00 |
| Terrazas | Alvaro | $1,168.43 | $1,168.43 |
| Torres | Joel | $290.17 | $290.17 |
| Torres | Rodolfo | $379.91 | $0.00 |
| Torres | Jose | $277.88 | $277.88 |
| Triplett | Shaine | $1,285.93 | $1,285.93 |
| Windom | Walter | $802.56 | $802.56 |
| Wolfe | Bradley | $469.23 | $0.00 |
| Zagal | Alejandrino | $1,635.68 | $1,635.68 |

**EXHIBIT D**
**CLASS NOTICE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 14-cv-6546 |
| | ) | |
| HEIGHTS TOWER SERVICE, INC., and MARK MOTTER | ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT, AND FAIRNESS HEARING**

**TO:**   Member of the Certified Class Action Lawsuit

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Settlement Class member, It Contains Important Information as to Your Rights.**

**What is this Notice about?**

This Notice is to tell you about the class settlement of a lawsuit that was filed against Heights Tower Service, Inc. and Mark Motter ("Defendants") and to tell you about a "Fairness Hearing" before Judge Jeffrey T. Gilbert on _____, 2018 at _____ __.m. in Courtroom 1386 of the United States District Courthouse, located at 219 S. Dearborn, Chicago, Illinois, to determine whether the proposed settlement described in the Class Action Settlement Agreement fairly resolves the claims against Defendants as explained below.

This Notice **is not** a notice of a lawsuit **against** you.  A Federal Court has authorized this Notice.

**If you want to receive the money that is allocated to you, you do not have to do anything, you will automatically have a check mailed to your last known address if the settlement is approved.**

18

**What is the Litigation about?**

In this case, Plaintiff has asserted class action claims for Defendants' alleged failure to properly pay overtime. Plaintiff alleges that they should have had their "drive time" included in their hourly calculations for determining overtime pay. Plaintiff filed this lawsuit on his own behalf and for the benefit of other class members, of which you may be one. Defendants deny Plaintiff's claims.

**Why did I get this Notice?**

You received this Notice because the lawyers for the Defendants identified you as a person in the Settlement Class. If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

**What is the "Settlement" and how was it agreed upon?**

The settlement relates to an alleged miscalculation of your overtime pay. Specifically, the Plaintiff alleged that the drive time hours were not included for purposes of determining whether or not you were entitled to overtime pay. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this litigation. Defendants have denied all such allegations.

Unless there is a settlement, the litigation will continue. In settlement negotiations, the Plaintiff and Defendants have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Plaintiff and Defendants believe that the Settlement is the best way to resolve the litigation while minimizing further expenditures.

The Plaintiff and Defendants and their respective counsel believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all parties, including the settlement class.

**What are the terms of the Settlement?**

Defendants have agreed to pay a settlement amount of $333,333.00 to resolve all claims (inclusive of wages, penalties, interest, attorneys' fees, costs, expenses and a class representative incentive fee) in this lawsuit as described in the Settlement Agreement. Each Settlement Class Member shall be allocated a portion of the Settlement Amount. Every Settlement Class member, including Plaintiff, will be allocated a share of the settlement proportionate to the overtime hours worked by the Settlement Class Member. The amount that you will receive, and all paperwork relating to the settlement and the lawsuit can be viewed on line at: www._____.

**Am I required to participate in the Settlement?**

As a Class Member, you have the right to exclude yourself from the lawsuit and "opt-out" of the settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive any payment from the Settlement Fund.

To effectively opt-out, you must mail to the Class Counsel a written statement expressing your desire to be excluded from the Settlement in *Pietrzycki v. Heights Tower, Inc.* no later than _____ [insert 30 days from mailing] ("Request for Exclusion"). Your written statement must state: "I do not want to receive money from this settlement. Therefore, I request to be excluded from the settlement in *Pietrzycki v. Heights Tower, Inc. and Mark Motter* (Case No. 14-cv-6546) (U.S. District Court for the Northern District of Illinois)." You must also include your full name, address, and telephone number, and you must personally sign the letter. You must then mail copies of the statement to The Fish Law Firm, P.C., 200 E. 5th Avenue, Suite 123, Naperville, Illinois 60563.

**If you opt-out of the Settlement you will not recover any money as part of this Settlement.** Neither Plaintiff nor Defendants nor their counsel make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT. YOU DON'T HAVE TO DO ANYTHING. YOU WILL AUTOMATICALLY GET THE MONEY.**

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement, but who objects to the proposed Settlement, may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the litigation with prejudice. If you choose to object to the Settlement, you must on or before _____ [fill in 30 days from mailing], mail your written objection to The Fish Law Firm, P.C., 200 E. 5th Avenue, Suite 123, Naperville, Illinois 60563. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Your written objection must also include (a) your full name, address, and, telephone number, (b) dates of your employment with Defendant; (c) copies of papers, briefs, or other documents upon which the objection is based, (d) a list of all persons who will be called to testify in support of your objection, (e) the caption of the lawsuit including the case number, and (f) your signature, even if you are represented by counsel. Settlement class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on [INSERT DATE], at [INSERT TIME], before Judge Jeffrey Gilbert, Courtroom 1386, 219 South Dearborn, Chicago, Illinois at which time Judge Gilbert will consider whether to grant final approval of this Settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the Settlement should not be approved.

**What rights am I giving up if I participate in the Settlement?**

As a Class Members, if you do not opt out of the Settlement you will release and discharge on behalf of yourself and each of your heirs, representatives, successors, assigns, and attorneys all claims specifically raised or which could have been raised in the litigation for the payment of overtime during the Class Period that specifically relate to an alleged failure to count drive time when calculating your overtime compensation. ("Released Wage Claims").

**How are the lawyers for the Settlement Class Paid?**

Class Counsel will receive an amount approved by the Court for its reasonable attorney fees and costs. None of this amount is being taken out of your recovery that is listed on Exhibit B to the Settlement Agreement. The attorneys' fees are being paid separately by the Defendants and the Defendants have agreed to pay $211,432.87 to Class Counsel for the reimbursement of attorneys' fees, expenses and costs.

**What if the Court does not approve the Settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that you will recover more than is provided for in the Settlement, or indeed, anything.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**EXHIBIT E**
**PROPOSED ORDER OF PRELIMINARY APPROVAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 14-cv-6546 |
| HEIGHTS TOWER SERVICE, INC., and MARK MOTTER | ) ) ) | |
| Defendants. | ) | |

**PRELIMINARY APPROVAL ORDER**

The parties have applied, pursuant to Rule 23(e), Fed. R. Civ. P., for an order approving settlement of the claims alleged in the Lawsuit, in accordance with a Class Action Settlement Agreement (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the claims against Defendants and for dismissal of the Lawsuit against Defendants upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto. IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, reasonable and adequate, and in the best interest of Plaintiff and those persons that are identified on Exhibits A and B to the Agreement (the "Collective Members" and "Class Members," respectively and collectively, the "Settlement Class").

2.      The Final Approval Hearing shall be held before this Court at _____.m. on _____, 2018, at the United States District Court, Northern District of Illinois, 219 South Dearborn, Chicago, Illinois 60604, to determine finally whether the proposed settlement of

22

the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, should be entered.

3.      The Court approves, as to form and content, the Class Notice that is attached to the Agreement as it complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

4.      With regard to distribution of the Class Notice, Class Counsel and Defendants are hereby directed and authorized to effectuate notice as called for in the Agreement.

5.      Any Class Member wishing to oppose or contest the approval of the Agreement, the judgment to be entered thereon if the same is approved must comply with the procedures set forth in the Class Notice and Settlement Agreement. Any Class Member who has served and filed an Objection as set forth therein may appear at the Settlement Hearing and show cause to the Court, if he or she has any, why the proposed settlement of the Lawsuit should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon. Any Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement or the application for attorneys' fees, costs and expenses to Class Counsel.

IT IS SO ORDERED this ___ day of _____, 2018

UNITED STATES MAGISTRATE JUDGE

_____

**EXHIBIT F**
**FINAL APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 14-cv-6546 |
| | ) | |
| HEIGHTS TOWER SERVICE, INC., and MARK MOTTER | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The parties have applied, pursuant to Rule 23(e), Fed. R. Civ. P., for an order finally approving settlement of the claims alleged in the Lawsuit, in accordance with a Settlement Agreement (the "Agreement"), which, together with the exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the claims against Defendants and for dismissal of the Lawsuit against Defendants upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto.

The Court conducted a hearing regarding final approval of the Agreement on [FINAL APPROVAL HEARING DATE]. After reviewing the Agreement, all papers filed in connection with Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, and the arguments of counsel, and, good cause appearing,

**IT IS HEREBY ORDERED:**

1.      Pursuant to Fed. R. Civ. P. 23(e), Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement is GRANTED.  The Court finally approves the parties' Agreement and finds that the settlement terms set forth therein are fair, adequate, and reasonable, and in the best interests of the Plaintiffs and those persons that are identified on Exhibits A (the "Collective Members") and B (the "Class Members") to the Agreement, and the Agreement is hereby ordered to be performed by all parties.

2.      The Court confirms as its final appointment, Jason Pietrzycki as the representative of the Class.

3.      The Court hereby confirms as its final appointment, David Fish and Kimberly Hilton of The Fish Law Firm as Class Counsel.

4.      The Court has determined that the manner of providing notice specified in the Agreement, and also referenced in paragraph 3 of the Order Granting Preliminary Approval (Dkt. __), fully and accurately informed the Class of all material elements of the settlement, met the requirements of due process, and was reasonably calculated to apprise the Class Members of the action and settlement.

5.      No Class Members have filed objections or requests for exclusion or to the extent that any such filing was made, it has been overruled.

6.      This final approval order applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all Class Members.

7.      Plaintiffs and all Class Members and Collective Members are barred and permanently enjoined from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Agreement as specifically provided for in the Agreement.

8.      Defendants shall issue the first installment checks to the Plaintiff, Collective Members and all Class Members by DATE as provided for in the Agreement.  Defendants shall issue the second installment checks to the Plaintiff, Collective Members and Class Members by DATE as provided for in the Agreement.

9.      The Court grants the Motion for Attorneys' Fees and Costs, and orders the Defendants to pay the Plaintiffs the attorney fees and costs as required by the parties' Settlement Agreement.

IT IS SO ORDERED this _____ day of _____, 2018

UNITED STATES MAGISTRATE JUDGE


_____