# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON PIETRZYCKI, on behalf of himself and all other plaintiffs similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HEIGHTS TOWER SERVICE, INC., )<br>and MARK MOTTER )<br>)<br>Defendants. ) | Case No.: 14-06546 |

**DECLARATION OF DAVID FISH IN SUPPORT OF
CLAIMANT'S PETITION FOR ATTORNEYS' FEES & COSTS**

Pursuant to 28 USC §1746, I swear under penalty of perjury that the following information is true:

1. My name is David Fish. I am over the age of twenty-one and I am competent to make this Declaration and I have personal knowledge of the matters set forth herein.

2. I graduated #2 in my law school class from Northern Illinois University College of Law in 1999. I received my undergraduate degree from Illinois State University (Major: Political Science, Minor: Philosophy).

3. Prior to starting my own firm, I was employed by other law firms engaged in litigation in and around Chicago, Illinois including, Jenner & Block in Chicago as a summer associate, Klein, Thorpe & Jenkins in Chicago as an associate and The Collins Law Firm, P.C. as an associate.

4. I have extensive experience representing employees and employers in labor and employment disputes. I have handled disputes with the Illinois Department of Labor, the United

1

States Department of Labor, the Illinois Department of Human Rights, the National Labor Relations Board, the Equal Employment Opportunity Commission, and in the state and federal courts in Illinois. I have litigated dozens of cases in the United States District Court for the Northern District of Illinois. I am the former chair of the DuPage County Bar Association's Labor and Employment Committee and served on the Illinois State Bar Association's Labor and Employment Committee Section Council. I also am an active member of the National Employment Lawyers Association Illinois chapter.

5. I have authored, or co-authored, many articles, including: "Enforcing Non-Compete Clauses in Illinois after Reliable Fire", Illinois Bar Journal (April 2012); "Top 10 wage violations in Illinois", ISBA Labor and Employment Newsletter (August, 2017); "Physician Non-Complete Agreements in Illinois: Diagnosis—Critical Condition; Prognosis- Uncertain" DuPage County Bar Journal (October 2002); "Are your clients' arbitration clauses enforceable?" Illinois State Bar Association, ADR Newsletter (October 2012); "The Legal Rock and the Economic Hard Place: Remedies of Associate Attorneys Wrongfully Terminated for Refusing to Violate Ethical Rules", Univ. of W. Los Angeles Law Rev. (1999); "Zero-Tolerance Discipline in Illinois Public Schools" Illinois Bar Journal (May 2001); "Ten Questions to Ask Before Taking a Legal-Malpractice Case" Illinois Bar Journal (July 2002); "The Use Of The Illinois Rules of Professional Conduct to Establish The Standard of Care In Attorney Malpractice Litigation: An Illogical Practice", Southern Illinois Univ. Law Journal (1998); "An Analysis of Firefighter Drug Testing under the Fourth Amendment", International Jour. Of Drug Testing (2000); "Local Government Web sites and the First Amendment", Government Law, (November 2001, Vol. 38).

6. I have, on several occasions, lectured at educational seminars for lawyers and other professionals. I moderated a continuing legal education panel of federal magistrates and

2

judges on the Federal Rules of Civil Procedure through the Illinois State Bar Association. I have presented on electronic discovery rules and testified before the United States Judicial Conference in Dallas, Texas regarding electronic discovery issues. I am a member of the Illinois National Employment Lawyers Association.

    7.    Some examples of class, collective, and/or employment litigation in which I have served as a lawyer include:

    a.    *Larson v. Lennox Industries*, 2013 WL 105902 (N.D. Ill, 12 c 2879)(conditional certification granted in FLSA action alleging that store managers were misclassified as exempt from receiving overtime pay).

    b.    *Nelson v. UBS Global Management*, No. 03-C-6446, 04 C 7660 (N. D. Ill.)(ERISA class action on behalf of thousands of BP Amoco employees who had Enron debt purchased as part of their money market fund; recovery of approximately $7 million);

    c.    *Sotelo v. DirectRevenue*, No. 05-2562 (N.D. Ill. filed Apr. 29, 2005)(class action alleging that company placed "spyware" on consumers' computers; resulted in a settlement that mandated significant disclosures to computer users before unwanted software could by placed on their computers, see also Julie Anderson, *Sotelo v. Directrevenue, LLC: Paving the Way for Spyware-Free Internet*, 22 Santa Clara High Tech. L.J. 841 (2005);

    d.    *Franzen v. IDS Futures Corporation,* 06 CV 3012 (N. D. Ill. 2006)(recovery of millions of dollars for more than 1,000 limited partners in an investment fund that lost value as a result of the Refco bankruptcy);

e. *Pope v. Harvard Bancshares*, 06 CV 988, 240 F.R.D 383 (N. D. Ill. 2006)(class action recovery of $1.3 million for former shareholders of community bank who had stock repurchased in a reorganization);

f. *Vestal et al v. Wyndham Garden Hotel Chicago O'Hare*, 07-c-2685 (defended hotel against FLSA claims and Illinois Wage Payment and Collection Act putative class action);

g. *Schrock v. Wenner Media LLC*, et al, 10-cv-7230 (defended marketing company in putative nationwide class action alleging violations of TCPA for unsolicited text message marketing; our client dismissed from case voluntarily without payment).

h. *G.M. Sign Inc. v. Pastic-Mach Corporation*, 12-cv-3149 and 10-cv-7854 (defended putative nationwide class action alleging violations of TCPA for unsolicited junk faxes, both cases dismissed without payment by client)

i. *Ismael Salam v Nationwide Alarm LLC*, 14-cv-1720 (defended putative nationwide class action alleging violations of TCPA for unsolicited calls to cellular telephone; our client dismissed with prejudice voluntarily without payment).

j. *Cope v. Millhurst Ale House of Yorkville, Inc*. 14-cv-9498 (collective action for FLSA claims settled on collective basis);

k. *Girolamo v. Community Physical Therapy & Associates, Ltd*, 15-cv-2361 (alleging claims under FLSA, IMWL, IWPCA);

4

l. *Jones et al v. Sistar Beauty Corporation*, 15-cv-3359 (collective action alleging FLSA and class action alleging Illinois Minimum Wage Law "IMWL" claims; final judgment entered);

m. *Magallan v. Pancho's Family Restaurant, LLC*, 15-cv-5578 (defending FLSA and IMWL claims);

n. *Mello et al v. Krieger Kiddie Corporation*, 15-cv-5660 (collective and putative class action alleging claims under FLSA, IMWL, IWPCA);

o. *Lampley v. Aryaani dba Subway*, 15-cv-9332 (collective action alleging claims under FLSA, IMWL, IWPCA);

p. *Kalechstein v. Mehrdad Abbassian*, M.D., P.C., 15-cv-5929 (defending IWPCA claims);

q. *Mills v. Bowes In Home Health Care, Inc.* 15-C-6816 (FLSA and IMWL claims);

r. *Barker et al v. Septran, Inc*, 15-cv-9270 (IMWL and putative collective claims under the FLSA and IWPCA);

s. *Simpkins v. DuPage Housing Authority,* 15-cv-9103 (includes claims under FLSA and IMWL);

t. *Day v. Stockton Construction Group, LLC*, 15-cv-5884 (class and collective claims brought under FLSA, IMWL, and IWPCA);

u. *Wehrle v. Midwest Sleep Associates, LLC*, 15-cv-4397 (collective action complaint alleging claims under FLSA and IMWL);

v. *Hernandez v. R&R Laundry Solutions, Inc.*, 15-cv-5682 (defending claims brought under FLSA, IWPCA and IMWL);

  w. *Sharples et al v. Krieger Kiddie Corporation*, 2013 CH 25358 (Cir. Court Cook County) (Illinois Wage Payment and Collection Act IWPCA class action claims; final approval of class wide settlement entered Feb. 10, 2015);

  x. *Wendell H. Stone Co. v. Metal Partners Rebar, 16-cv-8285* (defending TCPA class action);

  y. *Barker v. Septran,* 15-cv-9270 (Rule 23 IWPCA claim for vacation forfeiture and separate FLSA claims for overtime);

  z. *Cowles, et al. v. Big Apple Joliet, Inc., et al.*, 16-cv-07876 (class and collective claims brought under the FLSA, the IMWL and the IWPCA);

  aa. *Andrews v. Rockford Process Control, Inc.*, 3:17-cv-50171 (class and collective claims brought under the FLSA and the IMWL);

  bb. *Sykes, et al. v. Gallagher Construction Group, LLC, et al.*, 17-cv-8700 (class and collective claims brought under the FLSA, the IMWL and the Employee Classification Act);

  cc. *Kusinski v. MacNeil Augomotive Products Limited*, 17-cv-03618 (class and collective claims under the FLSA and the IMWL).

8. I am one of the attorneys of record in the above-captioned matter.

9. The Fish Law Firm represents clients on an hourly rate basis, other clients on a contingency basis, and some clients on a flat fee basis with an hourly basis if they go over a certain number of hours. Although our rates vary, the majority of our new clients who engage us have hourly rates in their engagement agreement of between $375 and $425 per hour for my time and between $285 and $325 per hour for Kimberly Hilton.

10. We also had a few other lawyers spend significant time on this matter to assist our firm. They include Buri Banerjee and Monica Fazekas who were first-year associate attorneys. Ms. Banerjee billed at $225 per hour and assisted with legal research and also attended several of the plaintiffs' depositions and prepared the plaintiffs for their depositions. Ms. Fazekas billed at $185 per hour and assisted in the preparation of the Complaint. John Kunze is a third-year associate at our firm. He typically bills at $275 per hour, depending upon the matter, and assisted with research and pleadings. We were also assisted by attorney Quinton Osborne who has been licensed in Missouri since 2014 and in Illinois since 2015 and he assisted us with research and pleadings. Mr. Osborne's reasonable billing rate is $250 per hour.

11. Jennifer Crowe was a paralegal at The Fish Law Firm. Ms. Crowe has a paralegal certificate. Ms. Crowe worked for The Fish Law Firm for over 2 years before she left the firm. Ms. Crowe was replaced by Nicole Sanders. Ms. Sanders has over 30 years' experience in the law. Ela Angielski was also an assistant at The Fish Law Firm. Our staff typically bills at $110.00 per hour, depending on the matter.

12. Attached to Plaintiff's Motion for Attorney Fees and Costs is a true and accurate copy of the time entries for my work on the above-captioned case.

13. I did not bill more time to any task listed than I spent working on that task.

14. I made a concerted effort to perform all work on this matter in a thorough but efficient manner.

15. I have reviewed the time entries and hours worked by all attorneys and staff on this matter, and, to the best of my knowledge, I believe that the time reflected on the entries are true and accurate and that the tasks performed were necessary. To the extent that any tasks were more administrative in nature, the entries have been "no charged."

7

16. I expect that The Fish Law Firm will expend additional time and costs in order to conclude this litigation by presenting Plaintiff's Motion for Attorney Fees and Costs and administrating the two installments of payments for each Class and Collective Member.

17. The Fish Law Firm's billing in this case already exceeds the amount we are requesting in fees here. In my judgment, all of these hours were reasonably necessary and properly expended on behalf of the Plaintiff, the Collective and the Class. The tasks performed include, but are not limited to fact investigation, legal research, pleadings, motions, information discovery, and other related matters. The detailed time descriptions are reflected on the attached report.

18. The Fish Law Firm also fronted expenses for the litigation, which are also accurately reflected on the attached bills. All such expenses are commercially reasonable and are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, check records, or other source materials and other regularly maintained business records and represent an accurate recording of the expenses incurred.

19. It is a regular practice of our office to have work performed by attorneys who bill at a lower rate or staff perform work whenever possible to minimize the total attorneys' fees. Work performed by attorneys with less seniority or staff is reviewed by an attorney with more seniority to minimize hours and maximize efficiency.

FURTHER AFFIANT SAYETH NOT.

Dated: May 25, 2018 /s/David J. Fish
David J. Fish